**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

RITA HALL,

      Plaintiff,

                                 CASE NO. 4:17-cv-00467-RH-CAS

vs.

DARRYL CHERRY, MICHAEL MCCORD,
JAMES JENNISON, GUARDED EXCHANGE,
L.L.C., and DEFENDANT JOHN DOES 1-10,

      Defendant.

_____/

**DEFENDANT GUARDED EXCHANGE'S ANSWER AND DEFENSES**
**TO SECOND AMENDED COMPLAINT**

      Defendant Guarded Exchange, L.L.C., files this answer and states as follows.[1]

      1.     Admitted that this purports to be a claim under the Stored

Communications Act; otherwise denied.  Guarded Exchange denies all liability.

      2.     Without knowledge; therefore, denied.

      3.     Without knowledge; therefore, denied.

      4.     Without knowledge; therefore, denied.

      5.     Without knowledge; therefore, denied.

---

[1] The numbered paragraphs of this answer correspond to the numbered paragraphs of the Second Amended Complaint.

6.      Admitted that Guarded Exchange is a foreign limited-liability company that is authorized to transact business in Florida; otherwise denied.

7.      Denied that Defendant Jennison is currently an employee of Guarded Exchange; denied that Defendant Jennison was or has ever been a "contract employee" of the Florida Department of Corrections (FDOC); otherwise, denied.

8.      Admitted that the Court has subject-matter jurisdiction; denied that a valid claim is asserted or that Guarded Exchange is liable to Plaintiff.

9.      Admitted that venue and jurisdiction are appropriate in the U.S. District Court for the Northern District of Florida; denied that any acts of misconduct occurred and denied that Guarded Exchange is liable to Plaintiff.

10.     Without knowledge; therefore, denied.

11.     Without knowledge; therefore, denied.

12.     Without knowledge; therefore, denied.

13.     Admitted that Defendant Jennison was a "Cellebrite Certified Forensic Technician" with Guarded Exchange; denied that Defendant Jennison was an employee of FDOC; admitted that at all material times, Defendant Jennison was working for Guarded Exchange; otherwise denied.

14.     Admitted that Guarded Exchange provides certain investigative services including digital forensics to FDOC; otherwise denied.

15.     Without knowledge; therefore, denied.

2

16.     Without knowledge; therefore, denied.

17.     Admitted.

18.     Without knowledge; therefore, denied.

19.     Admitted that a document is attached as Exhibit A; otherwise denied.

20.     This a legal conclusion that does not require an answer; to the extent an answer is required: denied.

21.     Without knowledge; therefore, denied.

22.     Without knowledge; therefore, denied.

23.     Without knowledge; therefore, denied.

24.     Without knowledge; therefore, denied.

25.     As to all of the sentences except the last sentence, without knowledge; therefore, denied.  As to the last sentence of the paragraph: denied.

26.     Without knowledge; therefore, denied.

27.     Without knowledge; therefore, denied.

28.     Denied.

29.     Denied.

30.     Without knowledge; therefore, denied.

31.     Denied.

32.     Admitted that a document is attached as Exhibit B; otherwise denied.

33.     Admitted that a document is attached as Exhibit C; otherwise denied.

34.     Admitted that a document is attached as Exhibit D; otherwise denied.

35.     Denied.

36.     This a legal conclusion that does not require an answer; to the extent an answer is required: denied.

37.     Denied.

38.     Denied.

## Count I: Violation of the Stored Communications Act (Defendants Cherry, McCord, Jennison, and John Does)

39.     Guarded Exchange restates its answers to paragraphs 1 through 38 as if fully set forth here.

40.     Denied.

41.     Denied.

42.     Denied.

43.     As to the allegations regarding Defendants Cherry, McCord, and John Does 1-10, without knowledge; therefore, denied.  All other allegations are denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Admitted that Guarded Exchange is responsible for the conduct of its employees acting within the scope of their employment; otherwise denied.

48.     Denied.

## Count II: Violation of the Stored Communications Act
### (Defendant Guarded Exchange)

49.     Guarded Exchange restates its answers to paragraphs 1 through 38 as if fully set forth here.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Admitted that Defendant Jennison conducted certain activities within the scope of his then employment with Guarded Exchange; denied that either Defendant Jennison or Guarded Exchange violated any laws or is otherwise liable to Plaintiff.

54.     Admitted.

55.     Denied.

56.     Denied.

57.     Denied.

58.     This a legal conclusion that does not require an answer; to the extent an answer is required: admitted that Guarded Exchange is responsible for the conduct of its employees acting within the scope of their employment; otherwise denied.

59.     Admitted that Defendant Jennison conducted certain activities within the scope of his employment; denied that either Defendant Jennison or Guarded Exchange violated any laws or is otherwise liable to Plaintiff.

5

60.    Denied.

## Denial of Relief Request

Guarded Exchange denies that Plaintiff is entitled to any relief sought in the *ad damnum* clauses or elsewhere in the Second Amended Complaint.

## Defenses

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff has not suffered any damage.

### Third Defense

Plaintiff consented to any search of the State-owned equipment provided to her for work use only.

### Fourth Defense

Guarded Exchange did not access the wires, airwaves, cell towers, or any servers such that the Stored Communications Act would be implicated.

### Fifth Defense

At all material times, Guarded Exchange acted in good-faith compliance with the express and specific direction of FDOC and is entitled to the benefit of any defense that could have been raised by FDOC.

**Sixth Defense**

Plaintiff has no expectation of privacy in electronic communications sent or received from her employer-issued cellphone.

**Seventh Defense**

Plaintiff assumed the risk that all data on a State-owned cellphone would be accessed by the State at any time.

**Eight Defense**

Upon information and belief, Plaintiff herself is the cause of her injury, if any, as she violated the terms of her employment that prohibit employees from accessing personal- or third-party-email accounts utilizing State resources, including State-issued cellular devices.

**Ninth Defense**

To the extent Plaintiff has been damaged, the damage was caused by persons other than Guarded Exchange.

**Tenth Defense**

Plaintiff failed to mitigate her damage, if any occurred.

**Eleventh Defense**

Any damages recovery by Plaintiff from Guarded Exchange is barred under the doctrine of qualified immunity.

## Reservation of Right to Amend

Guarded Exchange reserves the right to amend its answer and defenses, subject to Court approval, as further investigation and discovery may warrant or as otherwise allowed by law.

WHEREFORE, having denied all liability, Guarded Exchange requests that judgment be entered in its favor and against Plaintiff, together with an award to Guarded Exchange of attorneys' fees, costs, and such other relief as is just and proper under applicable law.

DATED this 31st day of July 2018.

*/s/ Eduardo S. Lombard*
Eduardo S. Lombard
Florida Bar No. 0153590
Megan S. Reynolds
Florida Bar No. 0042000

Vezina, Lawrence & Piscitelli, P.A.
413 East Park Avenue
Tallahassee, Florida 32301
(850) 224-6205
elombard@vlplaw.com
mreynolds@vlplaw.com

*Counsel for Defendant Guarded Exchange, L.L.C.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing was filed electronically on July 31, 2018, using the

Court's CM/ECF system, which will send a notice of this filing to:

Ryan J. Andrews
Steven R. Andrews
Brian O. Finnerty
The Law Office of
Steven R. Andrews, P.A.
822 North Monroe Street
Tallahassee, Florida 32303
service@andrewslawoffice.com

*Counsel for Plaintiff Rita Hall*

Robert Sniffen
Kevin C. Kostelnik
Michael R. Fidrych
Sniffen & Spellman, P.A.
123 North Monroe Street
Tallahassee, Florida  32301
rsniffen@sniffenlaw.com
kkostelnik@sniffenlaw.com
mfidryce@sniffenlaw.com

*Counsel for Defendant Darryl Cherry*

*/s/ Eduardo S. Lombard*
Eduardo S. Lombard

*Counsel for Defendant Guarded Exchange, L.L.C.*